USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: Feb. 3, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORRAINE A. GITTENS-BRIDGES,

                 Plaintiff,

- against -

NADENE PINNOCK, CLAUDETTE WYNTER, DINA SIMON, AUDWIN PEMBERTON, GARLAND BARRETO, CITY OF NEW YORK, and NEW YORK CITY DEPARTMENT OF CORRECTIONS, in their official and individual capacities and as aiders and abettors,

                 Defendants.

**ORDER**

19 Civ. 272 (ER)

Ramos, D.J.:

      Plaintiff Lorraine A. Gittens-Bridges ("Plaintiff" or "Gittens-Bridges") brought this action against Nadene Pinnock ("Pinnock"), Claudette Wynter ("Wynter"), Dina Simon ("Simon"), Audwin Pemberton ("Pemberton"), Garland Barreto ("Barreto"), in their official and individual capacities as aiders and abettors, the City of New York ("the City"), and the New York City Department of Correction ("DOC"), (collectively, "Defendants"). Gittens-Bridges is 57 years old and has worked for the DOC for over 34 years. Doc. 1. She alleges that she experienced a continuing violation of her rights and an ongoing hostile work environment due to age discrimination, and that despite her qualifications, she has been passed over for several job vacancies and promotions because of her age. *Id.*

      On December 18, 2019, the Court held a conference where the parties discussed several discovery issues related to electronically stored information ("ESI"). The Court directed the City to provide Plaintiff with an explanation of the methodology they used to find responsive documents, review Plaintiff's checklist of documents that should appear in the personnel file,

and to search the email account of Equal Employment Opportunity officer, Mykel Isbel ("Isbel") in lieu of custodian Kammae Owens who no longer works at the office. Doc. 114. The Court also directed Plaintiff to provide the City with signed medical releases. *Id.*

On January 6, 2020, Plaintiff emailed Defendants regarding the search for Isbel's account and Defendants responded they searched her account from January 2014 to January 2019 and found no responsive emails. Doc. 119-1. Plaintiff responded that she had asked for a search from January 2012 to present because "the incident with Dounia Alfred ["Alfred"] took place in 2012 and [Plaintiff] approached Ms. Isbel then." *Id.* In the Complaint, Plaintiff alleged that Alfred, an employee to whom Plaintiff reported directly, yelled at and regularly harassed Plaintiff from June 2012 to April 2013. Doc. 1, 12. Plaintiff further alleged that in April 2013, Alfred physically attacked her in the presence of their supervisor. *Id.*

On January 13, 2020, Plaintiff sought the Court's intervention on ongoing discovery disputes regarding: (1) Defendants' possession of documents that should be found in Plaintiff's personnel file; (2) Defendants' method for narrowing down the approximately 100,000 documents yielded during the initial discovery to the 630 plus pages Defendants determined were responsive; and (3) Defendants' criteria when determining there were no responsive emails from Isbel's account. Doc. 123. Plaintiff asked the Court for permission to re-depose some of the parties based on Defendants' alleged failure to comply with e-discovery. *Id.* Lastly, Plaintiff asked for the Court's assistance in obtaining a privilege log from Defendants. Doc. 126.

Defendants informed the Court on January 21, 2020, that they provided Plaintiff with detailed information on their technology assisted review ("TAR") of the City's ESI and how their software ranked and prioritized documents. Doc. 125. Furthermore, Defendants detailed the personnel documents they produced to Plaintiff and explained that some documents, like

"considered but not selected" letters for positions Plaintiff applied for, would not be found in the personnel file. *Id.* Lastly, Defendants reviewed Isbel's email account during the "relevant time period" of January 2014 to January 2019 and found no communications where Plaintiff expressed concerns about her alleged discrimination. Docs. 123, 125. Plaintiff alleges this search is "2 years after the requested date of January 2012." Doc. 126. During the December 18, 2019 conference, the Court did not specify a timeline but ordered Defendants to search Isbel's account because Plaintiff engaged her as a member of the EEO office with concerns about her work environment. Doc. 114.

The parties advised the Court that they have resolved their disputes over the medical releases and document production requests attached to deposition notices, thus, the Court does not address them here. Doc. 126. Based on the parties' representations, the Court DENIES Plaintiff's request for the Court's intervention concerning Plaintiff's personnel file, Defendants' TAR methodology, and party re-depositions.

However, to the extent Defendants have withheld any relevant, responsive documents from Plaintiff on the basis of privilege, the Court directs Defendants to provide Plaintiff with a privilege log, pursuant to Fed. R. Civ. P. 26, by February 20, 2020. Lastly, based on Plaintiff's representation that she engaged Isbel regarding her concerns about Alfred in 2012, the Court directs Defendants to search Isbel's account from January 2012 to the present.

The Clerk of Court is directed to terminate the letter motion, Doc. 120.

It is SO ORDERED.

Dated: February 3, 2020
New York, New York

_____
Edgardo Ramos, U.S.D.J.